UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARON DREVON DAVIS,<br><br>              Plaintiff,<br><br>   v.<br><br>EL HOGAR MENTAL HEALTH & COMMUNITY SERVICES,<br><br>              Defendant. | No. 2:23–cv–1530–DJC–KJN PS<br><br>ORDER GRANTING IFP REQUEST AND FINDINGS AND RECOMMENDATIONS TO DISMISS<br><br>(ECF No. 2.) |

Plaintiff, who proceeds without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**DISCUSSION**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Here, plaintiff alleges that his employer, defendant El Hogar Mental Health and Community Services, improperly garnished his wages. Plaintiff cites the following sources of

law as the bases for his claims: (i) 4th Amendment unreasonable seizure; (ii) 31 U.S.C. § 3720D(b)(1); and (iii) 41 U.S.C. § 6503. Plaintiff seeks $5 million in damages among other relief. (See ECF No. 1.) This court has determined that plaintiff failed to state a claim because he lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett, 795 F.3d at 1065.

     First, regarding the claim under the 4th Amendment of the U.S. Constitution, plaintiff fails to state a claim because of the nature of the defendant. The Fourth Amendment protects citizens from unreasonable searches and seizures by the government. The defendant in this case is a private entity. See United States v. Jacobsen, 466 U.S. 109, 115 (1984) (reminding "whether those invasions were accidental or deliberate, and whether they were reasonable or unreasonable, they did not violate the Fourth Amendment because of their private character.")). The same holds true for plaintiff's claims under 31 U.S.C. § 3720D(b)(1) and 41 U.S.C. § 6503. Section 3720D applies to government agents; specifically, it applies to garnishment of pay by executive, judicial, or legislative agencies. 31 U.S.C. § 3720D(b). Section 6503(a) applies to actions for a breach or violation of a representation or stipulation included in a contract under Section 6502 of this title. Section 6502 applies to "contract[s] made by an agency of the United States for the manufacture or furnishing of materials, supplies, articles, or equipment[.]" 41 U.S.C. § 6502. Because plaintiff's dispute is between himself and his employer, and does not involve any government contracts, let alone contracts for manufacture or furnishing of material or supplies, the claim must be dismissed.

     Ordinarily, the court liberally grants a pro se plaintiff leave to amend. However, the record here shows that plaintiff would be unable to cure the above-mentioned deficiencies through further amendment of the complaint. Specifically, the court takes judicial notice of certain documents in the public record under Fed. R. Evid. 201(b). See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may [] consider certain material-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment."); see also Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (court may take

judicial notice of court filings and other matters of public record). These documents include proceedings in the Superior Court for Placer County regarding child support, as well as another civil suit plaintiff filed in this court regarding those proceedings. See <u>County of Placer vs. Davis, Earon</u>, No. S-FS-0031950 (Super. Ct. of Cal. Sept. 28, 2022); <u>Davis v. Jacques et.al.</u>, No. 23-cv-1230 (E.D. Cal. Jun. 27, 2023). Thus, it appears that while plaintiff contends defendant inappropriately garnished his wages, these public records indicate the garnishment is likely in response to a court order from Placer County. Given this context, the proper remedy for plaintiff appears to be to take up the garnishment issue in the court that issued the order, as the state court would have jurisdiction in this matter. Thus, the court concludes that granting leave to amend in the instant case would be futile. <u>Cahill</u>, 80 F.3d at 339.

## ORDER AND RECOMMENDATIONS

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's IFP application is GRANTED; and
2. Defendant's premature motions (ECF Nos. 4, 6) are denied as MOOT and the October 31, 2023 hearing on these motions is VACATED.

Further, it is RECOMMENDED that:

1. This action against defendant El Hogar be DISMISSED WITH PREJUDICE; and
2. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: September 19, 2023

SD/AZ, davi.1530

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4