UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARON DREVON DAVIS,<br><br>             Plaintiff,<br><br>     v.<br><br>EL HOGAR MENTAL HEALTH & COMMUNITY SERVICES,<br><br>             Defendant. | No.  2:23–cv–1530–DJC–KJN (PS)<br><br>ORDER GRANTING IFP REQUEST AND FINDINGS AND RECOMMENDATIONS TO DISMISS AND DENY TRO<br><br>(ECF No. 2, 7, 8, 9.) |

Plaintiff, who proceeds without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Procedural Posture**

Plaintiff filed his complaint against his employer, defendant El Hogar Mental Health and Community Services, asserting they improperly garnished his wages. Plaintiff cited the following sources of law as the bases for his claims: (i) 4th Amendment unreasonable seizure; (ii) 31 U.S.C. § 3720D(b)(1); and (iii) 41 U.S.C. § 6503. Plaintiff sought $5 million in damages among other relief. (See ECF No. 1.) The undersigned issued findings and recommendations to dismiss without leave to amend, finding no cognizable claim.[2] (ECF No. 7.)

Two days later, plaintiff filed a first amended complaint ("1AC") and motion for temporary restraining order. (ECF Nos. 8, 9.) The 1AC asserted the same claims as in the original complaint as well as new claims under the 14th Amendment and three sections of Title 18 of the U.S. Code. The 1AC does not, however, add any additional defendants or assert any new facts. Plaintiff's request for damages increased to $20 million. (See ECF No. 8.)

**Operative Complaint**

Under Federal Rule of Civil Procedure 15(a)(1), a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Given the procedural posture above, it appears plaintiff had the right to amend the complaint once as a matter of course. See, e.g., Berman v. Cir. Ct. of Montgomery, Cnty. of Maryland, 2017 WL 6017702, at *1 (E.D. Cal. Jan. 6, 2017) (finding amended complaint filed within 21 days to be the operative complaint, despite pending findings and recommendations and despite plaintiff's failure to address pleading deficiencies identified by the magistrate judge). Accordingly, plaintiff's first amended complaint is the operative pleading in this action, and the court withdraws its prior findings and recommendations (ECF No. 6) as moot. However, the amended complaint does not, in fact,

---

[2] At the same time, defendant filed a motion to dismiss before the undersigned, asserting similar defenses as found by the undersigned in the findings and recommendations. (ECF No. 6.) It is not clear how defendant became aware of this case, as service has not been ordered because the court has yet to issue the summons. Given the findings and recommendations to dismiss pursuant to the court's duty to screen the complaint under 28 U.S.C. § 1915, the undersigned found defendant's motion to dismiss to be moot. (ECF No. 7.)

sufficiently address the deficiencies noted in the findings and recommendations or otherwise survive the court's screening inquiry.

**Legal Standards**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Analysis**

Here, the court finds plaintiff fails to state a claim because he lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett, 795 F.3d at 1065.

First, regarding the claims in the 1AC under the 4th and 14th Amendments of the U.S. Constitution, plaintiff fails to state a claim because of the nature of the defendant. Claims under the U.S. Constitution proceed under 42 U.S.C. § 1983 and require a showing that the defendant acted under color of state law. The defendant in this case is a private entity. See United States v. Jacobsen, 466 U.S. 109, 115 (1984) (reminding "whether those invasions were accidental or deliberate, and whether they were reasonable or unreasonable, they did not violate the Fourth Amendment because of their private character.")); see also, e.g., Keenan v. First California Bank, 2009 WL 10716338, at *3 (C.D. Cal. Mar. 3, 2009), aff'd, 488 F. App'x 190 (9th Cir. 2012) (finding that, in a 1983 action against a private party regarding garnishment of the plaintiff's wages, "[m]erely complying with state law does not convert a private party into a state actor.") (citing Dietrich v. John Ascuaga's Nugget, 548 F.3d 892, 896 (9th Cir. 2008)).

The same holds true for plaintiff's claims under 31 U.S.C. § 3720D(b)(1) and 41 U.S.C. § 6503. Section 3720D applies to government agents; specifically, it applies to garnishment of pay by executive, judicial, or legislative agencies. 31 U.S.C. § 3720D(b). Section 6503(a) applies to actions for a breach or violation of a representation or stipulation included in a contract under Section 6502 of this title. Section 6502 applies to "contract[s] made by an agency of the United States for the manufacture or furnishing of materials, supplies, articles, or equipment[.]" 41 U.S.C. § 6502. Because plaintiff's dispute is between himself and his employer, and does not involve any government contracts, let alone contracts for manufacture or furnishing of material or supplies, the claim must be dismissed.

Finally, the 1AC adds citations to 18 U.S.C. §§ 3571, 242, and 666. These claims are legally frivolous because plaintiff, as a private citizen, has no authority to bring claims under criminal statutes. See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes).

///

**Further Amendment**

Ordinarily, the court liberally grants a pro se plaintiff leave to amend. However, the record here shows that plaintiff would be unable to cure the above-mentioned deficiencies through further amendment of the complaint. Specifically, the court takes judicial notice of certain documents in the public record under Fed. R. Evid. 201(b). See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may [] consider certain material-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment."); see also Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (court may take judicial notice of court filings and other matters of public record). These documents include proceedings in the Superior Court for Placer County regarding child support, as well as another civil suit plaintiff filed in this court regarding those proceedings.[3] See County of Placer vs. Davis, Earon, No. S-FS-0031950 (Super. Ct. of Cal. Sept. 28, 2022); Davis v. Jacques et.al., No. 23-cv-1230 (E.D. Cal. Jun. 27, 2023). Thus, it appears that while plaintiff contends defendant inappropriately garnished his wages, these public records indicate the garnishment is likely in response to a court order from Placer County. Given this context, the proper remedy for plaintiff appears to be to take up the garnishment issue in the court that issued the order, as the state court would have jurisdiction in this matter. Thus, the court concludes that granting leave to amend in the instant case would be futile. Cahill, 80 F.3d at 339.

**Temporary Restraining Order**

Plaintiff filed a motion for temporary restraining order alongside his 1AC, asserting his employer should be prevented from garnishing his wages. (ECF No. 9.) The standard for issuing a TRO is similar to the standard for issuing a preliminary injunction and requires that the party seeking relief show, among other things, a likelihood of success on the merits. See Immigrant Assistance Project of the L.A. County of Fed'n of Labor v. INS, 306 F.3d 842, 873 (9th Cir. 2002). Given that the undersigned has found plaintiff's 1AC fails to state a claim, he is not likely

---

[3] Plaintiff's assertions in the TRO further support this assumption. (See ECF No. 9.)

to succeed on the merits of his claims in this court.  Thus, the undersigned recommends this TRO motion be denied.

### ORDER AND RECOMMENDATIONS

Accordingly, IT IS HEREBY ORDERED that:

1. The court's prior findings and recommendations (ECF No. 7) are WITHDRAWN;
2. Plaintiff's IFP application is GRANTED; and
3. In light of the above, all pleading, discovery, and motion practice in this action are STAYED pending resolution of these findings and recommendations.  Other than objections to the findings and recommendations or non-frivolous motions for emergency relief, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

Further, it is RECOMMENDED that:

1. This action be dismissed with prejudice;
2. Plaintiff's motion for a temporary restraining order (ECF No. 9) be denied; and
3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  September 27, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

SD/AZ, davi.1530